IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES E. GIRARDS, P.C. d/b/a THE GIRARDS LAW FIRM, <br><br> Plaintiff, <br><br> VS. <br><br> CRISTIE COLUMBUS, M.D., AS TRUSTEE FOR TEXAS MEDICAL LIABILITY TRUST, <br><br> Defendant. | § § § § § § § § § § § § § Civil Action No. 3:10-CV-1400-D |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff James Girards, P.C. d/b/a The Girards Law Firm ("Girards") moves for leave to amend his state court petition to drop his federal claim and to remand the case to state court. Defendant Cristie Columbus, M.D. ("Dr. Columbus"), as trustee for the Texas Medical Liability Trust ("TMLT"), opposes the remand motion. For the reasons that follow, the court grants Girards' motions and remands the case to state court.

I

Girards filed this lawsuit in state court seeking a declaratory judgment that his operation of the website www.TMLTExposed.org is protected under Article I, Section 8 of the Texas Constitution and the First Amendment to the United States Constitution. His state court petition also seeks a declaration that TMLT is powerless to sue him because Texas law does not afford trusts like TMLT the power to bring suit. Dr. Columbus removed

the case to this court under its federal question jurisdiction based on Girards' claim to protection under the First Amendment. Girards now moves to amend his petition to delete any reference to the First Amendment. In a related motion, he asks that, once the court grants him leave to amend, it remand the lawsuit to state court.

Dr. Columbus opposes the motion to remand, contending that a federal question will still remain in the case even if the court allows the requested amended pleading. Specifically, she maintains that any action that TMLT could bring to enforce its rights would necessarily present federal copyright and trademark questions.[1]

II

In this case, there is no apparent reason to deny Girards' motion for leave to amend to delete any First Amendment-based claim. The court therefore grants the motion.

Once the federal claims drop out of a case that has been removed based on federal question jurisdiction, the court has the discretion to remand the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted). "In deciding whether to remand the

---

[1]There are other pending motions in this case that the court need not reach given its disposition of Girards' motions to amend and remand.

- 2 -

case, the court must consider the interests of judicial economy, fairness, convenience, and comity." *Johnson v. Dallas Indep. Sch. Dist.*, 2008 WL 4508044, at *1 (N.D. Tex. Oct. 7, 2008) (Fitzwater, C.J.). Provided Girards' amended pleading drops all federal claims—a question to which the court turns next—there is no reason to retain the case here. Girards' declaratory judgment action would be based on the Texas Constitution and should be decided by Texas courts; the remand would follow shortly after the case was removed and before the parties incurred substantial expense for services that were not helpful in state court; Girards is not seeking to avoid an adverse ruling in this court; and the court's remand order would not prevent TMLT from asserting as counterclaims in state court, or from alleging in a separate federal lawsuit (should it choose to file one), the claims that it would assert as counterclaims in this case. A remand would best promote values of economy, convenience, fairness, and comity. The question therefore becomes whether, as Girards maintains, all federal claims have dropped out or whether, as Dr. Columbus contends, the amended pleading would still support this court's exercise of federal question jurisdiction.

III

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of

federal law sufficient to support federal question jurisdiction.'" *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 619 (N.D. Tex. 2007) (Fitzwater, J.) (alteration in original) (quoting *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.)).[2] The well-pleaded complaint rule makes the plaintiff "'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A federal claim does not exist simply because facts are available in the complaint to suggest such a claim." *Tex. Dep't of Protective & Regulatory Servs. v. Mitchell-Davis*, 2007 WL 4334016, at *2 (N.D. Tex. Dec. 11, 2007) (order) (Fitzwater, C.J.) (citing *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988); *Chavez v. McDonald's Corp.*, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (Fitzwater, J.)). Nor is the existence of a federal defense enough to establish federal question jurisdiction. *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("Yet the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction.").

Girards' amended complaint does not support federal question jurisdiction. Girards seeks a declaratory judgment establishing

---

[2]The same rule applies to cases filed initially in federal court.

his rights under the Texas Constitution. When a plaintiff brings a declaratory judgment action under 28 U.S.C. §§ 2201 and 2202, the well-pleaded complaint rule is applied by asking whether, "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 19 (1983)). Here, Girards seeks declaratory judgment regarding his rights under the Texas Constitution. Dr. Columbus argues that the action TMLT would have to bring to enforce its rights against Girards would raise a federal question. The court disagrees. The only response from TMLT that would be coerced by Girards' action would be a suit seeking to show that Girards' conduct is not protected by the Texas Constitution. TMLT's counterclaims that raise federal questions (i.e., federal copyright and trademark claims) would not be coerced by Girards' declaratory judgment action based on state law alone.

\* \* \*

Girards' July 23, 2010 motions to amend state court petition and for remand are granted. Having granted Girards leave to amend, the court in its discretion remands this case to the 68th Judicial

District Court of Dallas County, Texas.  The Clerk of Court shall effect the remand according to the usual procedure.

**SO ORDERED.**

September 28, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE